IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODJAUN NEAL-WILLLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-25-236 |
| DIRECTOR ERIN SHAFFER, et al., | * | |
| Defendants. | * | |

***

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Sgt. Dawn Halsey's Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment (ECF No. 35), Defendants J. Philip Morgan, Erin Shaffer, Michael Kwitkowski, Paige Jones, Kimberly Stewart, Winnie Mott, Major Kennard Judkin, Major Tiffanie Carter, Captain Daniel Ogunbanwo, Captain Tikia Olowe, Lt. Emmanuel Dabiri, Lt. Kendi Burns, Lt. Kameron Washington, Lt. Nicole Johnson, Lt. Dontay Gaskins, Sgt. Pernell Owens, Sgt. Jeremy Pellot, Sgt. Cornae Shields, Sgt. Kevin Baker, Sgt. Charlotte Leach, Sgt. Robin Brown, Sgt. Adetayo Aladekere, Sgt. Bernard Ababio, Sgt. Deverrick Johnson, Correctional Officer ("CO") Folasade Oseni, CO Joan Nyame, CO Blessing Omachoko, CO Christopher Thomas, CO Prescilia Taah, CO Shawndale Sampson, CO Randy Howell, CO Renee Jackson, CO Okechukwo Chima, and the Diagnostic Review Committee's (collectively, "State Defendants") Motion to Dismiss, or in the Alternative, Motion for Summary

Judgment (ECF No. 38),[1] self-represented Plaintiff Rodjaun Neal-Williams's Motion for Injunctive Relief (ECF No. 53), and State Defendants' Motion to Strike Neal-Williams's Motion for Injunctive Relief (ECF No. 54).

The Motions are ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons outlined below, the Court will grant Sgt. Halsey's and State Defendants' Motions (ECF Nos. 35 and 38), dismiss Neal-Williams' Motion for Injunctive Relief (ECF No. 53), and deny as moot State Defendants' Motion to Strike Neal-Williams' Motion for Injunctive Relief (ECF No. 54).

## I. BACKGROUND

### A. Factual Background

Rodjaun Neal-Williams is a state prison inmate presently housed at Western Correctional Institution in Cumberland, Maryland. His allegations against Sgt. Halsey and the State Defendants arise from various discrete incidents which took place at Patuxent Institution in Jessup, Maryland ("Patuxent") between August 2024 and January 2025. (See generally Compl., ECF No. 1). For some of these incidents, Neal-Williams filed grievance forms, also known as Administrative Remedy Forms ("ARP Forms") against the State Defendants and Sgt. Halsey (together, "Defendants"). Over the course of six months, Neal-Williams filed fifteen ARP Forms complaining about various instances of alleged misconduct by the Defendants.[2]

[1] The Clerk shall correct the docket to reflect Sgt. Halsey's and State Defendants' full and proper names.

[2] The underlying facts of the incidents of alleged misconduct giving rise to Neal-Williams' ARP Forms do not factor into the Court's analysis or affect the outcome of the

Of the fifteen ARP forms filed by Neal-Williams, eleven were dismissed. Specifically, Neal-Williams filed ARPs PATX-0232-24 (id. at 2)[3]; PATX-0320-24 (Decl. Kristina Donnelly, Ex. A ¶ 7, ECF No. 38-2); PATX-0360-24 (Compl. at 9–10); PATX-0003-25 (Decl. Kristina Donnelly, Ex. A ¶ 7); PATX-0446-24 (Compl. 26–29); PATX-0034-25 (Decl. Kristina Donnelly, Ex. A ¶ 7); PATX-0004-25 (id.); PATX-0025-25 (id.); and PATX-0016-25 (id.); PATX-0408-24 (id.); and PATX-0448-24 (Decl. Kristina Donnelly, Ex. C ¶¶ 5–6, ECF No. 38-4). Neal-Williams did not appeal nine of the eleven dismissals to either the Commissioner or the Incarcerated Individual Grievance Office ("IIGO"). (Id.).

Neal-Williams did appeal the dismissal of two ARP Forms: PATX-0408-24 and PATX-0448-24. (Id. ¶¶ 5, 6). The Commissioner, however, dismissed both of these appeals, (id.), and there is no evidence in the record that Neal-Williams appealed the Commissioner's dismissals to the IIGO, (see Decl. Robin Woolford, Ex. D ¶ 6, ECF No. 38-5). Finally, Neal-Williams first filed, but later withdrew, four ARP Forms: PATX 0231-24; PATX 0237-24; PATX 0283-24; and PATX 0297-24 (Decl. Kristina Donnelly, Ex. A ¶ 8). Neal-Williams alleges that he withdrew these forms due to fear of retaliation. (Compl. at 5).

Separately, Neal-Williams also alleges a total of eleven incidents of alleged misconduct during the same six-month time period for which he did not file any ARP

---

lawsuit. Accordingly, in the interest of brevity, the Court will not describe them in further detail in this Opinion.

[3] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Forms.[4] Specifically, Neal-Williams describes nine incidents of alleged misconduct by the State Defendants and two incidents of alleged misconduct by Sgt. Halsey. (See Compl. at 1, 3–8).

**B. Procedural History**

On January 24, 2025, Neal-Williams filed a Complaint against Defendants Patuxent, Maryland Division of Corrections ("DOC"), Maryland Department of Public Safety and Correctional Services ("DPSCS"), the State of Maryland, Captain Nanje, Captain Taylor, Captain Dorn, Lt. Jobe, CO Klutsky, Sgt. Halsey, and the State Defendants. (ECF No. 1). Neal-Williams brings claims under 42 U.S.C. § 1983 for violation of his First, Eighth, and Fourteenth Amendment rights as well as various state tort claims, and he seeks injunctive relief as well as monetary damages. (Compl. at 29). On April 2, 2025, Defendants Patuxent, DOC, DPSCS, Klutsky, Nanje, Taylor, Dorn, Jobe, and the State of Maryland were dismissed. (ECF No. 6).

On January 20, 2026, Sgt. Halsey filed her Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment. (ECF No. 35). On February 3, 2026, State Defendants filed their Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 38). On July 9, 2026, Neal-Williams filed an opposition to both motions. (ECF No. 45). Halsey replied on July 22, 2026, (ECF No. 46), and the State Defendants replied

[4] Neal-Williams describes nine incidents of alleged misconduct by the State Defendants and two incidents of alleged misconduct by Sergeant Halsey in his Complaint for which he did not file ARP Forms. Because the facts underlying these incidents also do not factor into the Court's analysis or affect the outcome of the lawsuit, the Court will not discuss them in this Opinion.

on July 29, 2026 (ECF No. 49). Neal-Williams filed an unauthorized Surreply on July 31, 2026. (ECF No. 50). He also filed a Motion to Supplement and Appoint Counsel on August 5, 2026 (ECF No. 51) and a Motion for Injunctive Relief on August 21, 2026 (ECF No. 53). On September 2, 2026, State Defendants filed a Motion to Strike Neal-Williams' Motion for Injunctive Relief, (ECF No. 54), and Sgt. Halsey filed an Opposition to Neal-Williams' Motion for Preliminary Injunction on September 4, 2026 (ECF No. 55).

## II. DISCUSSION

### A. Standards of Review

#### 1. Conversion

Defendants' Motions are styled as Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for Summary Judgment under Federal Rule of Civil Procedure 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P.12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Balt., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005) (citing Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998)).

Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Yet, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). To sufficiently raise the issue that more discovery is needed, the non-movant must typically file an affidavit under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed.R.Civ.P.56(d).

"The Fourth Circuit places 'great weight' on the affidavit requirement." Nautilus Ins. Co. v. REMAC Am., Inc., 956 F.Supp.2d 674, 683 (D.Md. 2013) (quoting Evans, 80 F.3d at 961). However, non-compliance may be excused "if the nonmoving party has

adequately informed the district court that the motion is pre-mature and that more discovery is necessary." Harrods, 302 F.3d at 244. Courts place greater weight on the need for discovery "when the relevant facts are exclusively in the control of the opposing party," such as "complex factual questions about intent and motive." Id. at 247 (internal quotation marks omitted) (quoting 10B Wright, Miller & Kane, Federal Practice & Procedure § 2741, at 419 (3d ed. 1998)).

Nonetheless, a Rule 56(d) affidavit is inadequate if it simply demands "discovery for the sake of discovery." Hamilton v. Mayor of Balt., 807 F.Supp.2d 331, 342 (D.Md. 2011) (citation omitted). A Rule 56(d) request for discovery is properly denied when "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Ingle ex rel. Est. of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (quoting Strag v. Bd. of Trs., 55 F.3d 943, 954 (4th Cir. 1995)).

Here, the Court concludes that both requirements for conversion are satisfied. Neal-Williams was on notice that the Court might resolve Defendants' Motions under Rule 56 because Defendants styled their Motions as alternatively seeking summary judgment and presented extra-pleading material for the Court's consideration. See Moret, 381 F.Supp.2d at 464; (see generally ECF Nos. 35, 38). In addition, the Clerk informed Neal-Williams about the Motions and resulting need to file an opposition. (See Rule 12/56 Notice, ECF Nos. 36, 42). Neal-Williams filed an Opposition but did not include a request for more time to conduct further discovery. (ECF No. 45). Accordingly, the Court will treat the Motions

as ones for summary judgment where resolution requires consideration of documents outside of Neal-Williams' Complaint.

**2. Summary Judgment**

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.56(c)(1)(A), (a). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P.56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R. Civ.P.56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing that there is a genuine dispute of material fact. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan,

526 F.3d 135, 140 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co., LLC v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citations omitted). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of his case where he has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

**B. Analysis**

The State Defendants and Sgt. Halsey contend that Neal-Williams' Complaint should be dismissed because (1) they are immune from all claims alleged in their official capacities, and (2) he has failed to administratively exhaust his claims, as mandated by the Prison Litigation Reform Act ("PLRA"). (State Defs.' Mem. L. Supp. Mot. Dismiss or, in Alt., Mot. Summ. J. ["State Defs.' Mot."] at 22-24, 30-35, ECF No. 38-1; Mem. L. Supp. Sgt. Halsey's Mot. Dismiss or, in Alt., Mot. Summ. J. ["Sgt. Halsey's Mot."] at 8–

9, 15–17, ECF No. 35-1); Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)).[5] The Court agrees.

**1. Eleventh Amendment Immunity**

Neal-Williams seeks to bring this suit against Sgt. Halsey and the State Defendants in their official capacities; accordingly, it must be dismissed.

Under the Eleventh Amendment of the United States Constitution, a state, its agencies, and its departments are immune from citizen suits in federal court absent state consent or Congressional action. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. See Brandon v. Holt, 469 U.S. 464, 471–72 (1985). The State of Maryland has not waived such immunity for claims of constitutional violation brought under § 1983. See Pevia v. Hogan, 443 F.Supp.3d 612, 632 (D.Md. 2020). Accordingly, Neal-Williams' constitutional claims for damages against Sgt. Halsey and the State Defendants in their official capacities are dismissed.

**2. Exhaustion of Administrative Remedies**

The Defendants further contend that the Complaint must be dismissed because Neal-Williams has failed to exhaust the available administrative remedies for his claims prior to filing the instant lawsuit. (State Defs.' Mot. at 30-35, Sgt. Halsey's Mot. at 15–17). The

[5] The Defendants also seek dismissal of the Complaint on various other grounds. As explained at length below, because the Court will grant the Defendants' Motion on the procedural grounds, it declines to reach Defendants' remaining merits-based arguments.

Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)), governs cases brought by inmates in federal court. 42 U.S.C. § 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Chase v. Peay, 286 F.Supp.2d 523, 528 (D.Md. 2003), aff'd, 98 F.App'x 253 (4th Cir. 2004).

"Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading standard on the prisoner." Myers v. YesCare Corp., No. GLR-22-3102, 2024 WL 473804, at *7 (D.Md. Feb. 7, 2024). Rather, the failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proven by defendants. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Anderson v. XYZ Corr. Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005). A claim that has not been exhausted may not be considered by this Court. See Jones, 549 U.S.

at 220. In other words, exhaustion is mandatory, and a court usually may not excuse an inmate's failure to exhaust. See Ross v. Blake, 578 U.S. 632, 638–39 (2016).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); see also Langford v. Couch, 50 F.Supp.2d 544, 548 (E.D.Va. 1999) ("The second PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Woodford, 548 U.S. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). The court is, however, "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the IIGO against any DOC official or employee. Md. Code Ann., Corr. Servs. ("C.S.") § 10-206(a) (West 2025). If the prison has a grievance procedure that is approved by the IIGO, however, the prisoner must first follow the institutional ARP process before filing a grievance with the IIGO. See C.S. § 10-206(b). Inmates housed at an institution operated by DPSCS may avail themselves of the administrative grievance process designed for inmate complaint resolution. See generally C.S. § 10-201, et seq.; Md. Code Regs. ("COMAR") 12.07.01.01B(1) (2026) (defining "administrative remedy procedure").

The ARP process consists of multiple steps. First, a prisoner is required to file his initial ARP with his facility's "managing official" COMAR 12.02.28.05(D)(1), which is defined by COMAR 12.02.28.02(B)(14) as "the warden or other individual responsible for management of the correctional facility" and defined under C.S. § 1-101(m) as "the administrator, director, warden, superintendent, sheriff, or other individual responsible for the management of a correctional facility." Moreover, the ARP request must be filed within thirty days of the date on which the incident occurred, or within thirty days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR 12.02.28.09(B).

Next, if the managing official denies a prisoner's initial ARP or fails to respond to the ARP within the established time frame, the prisoner has thirty days to file an appeal to the Commissioner of Correction. COMAR 12.02.28.14(B)(5). If the Commissioner denies an appeal or fails to timely respond, the prisoner has thirty days to file a grievance with the IIGO. COMAR 12.02.28.18; C.S. § 10-206(a); COMAR 12.07.01.05(B). When filing with the IIGO, a prisoner is required to include copies of the following: the initial request for administrative remedy, the warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IIGO may dismiss it without a hearing." C.S. § 10-207(b)(1); see also COMAR 12.07.01.06(B). An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). If, however, a hearing is deemed necessary by the IIGO, the hearing is conducted by an administrative

law judge with the Maryland Office of Administrative Hearings. See C.S. § 10-208; COMAR 12.07.01.07(A)(3). The conduct of such hearings is governed by statute. See C.S. § 10-208; COMAR 12.07.01.07(D); see also Md. Code Ann., State Gov't § 10-206(a)(1) (West 2021).

Here, the State Defendants and Sgt. Halsey contend that Neal-Williams failed to either file an ARP or fully exhaust the grievance process for any of his claims prior to filing his Complaint. (State Defs.' Mot. at 25-30; Sgt. Halsey's Mot. at 15–17). In response, Neal-Williams asserts that he "overly exhausted" the administrative remedies but was denied access. (Opp'n at 1, ECF No. 45). He contends his 200 pages of exhibits show that he exhausted the ARP process.[6] (Id.).

First, the Court addresses the claims for which State Defendants assert Neal-Williams did not file any ARP. Kristina Donnelly, Special Assistant to the Director of Patuxent, attests that there is no record of any ARP filed by Neal-Williams related to the following:

> a. Any involvement of Captain Daniel Ogunbanwo, [Sgt.] Charlotte Leach, and Sgt. Robin Brown in the August 16, 2024 incident between Neal-Williams and [CO] Folasade Oseni;
> b. Any instruction by Major Kennard Judkin and Sgt. Charlotte Leach directing the hearing officer to find Neal-Williams guilty of assaulting CO Joan Nyame on August 25, 2024;
> c. Neal-Williams' interactions with [Lt.] Dontay Gaskins and Major Kennard Judkin on September 17, 2024;

[6] Neal-Williams also recently filed a Motion to Supplement the Complaint/Motion for Appt. of Counsel on August 5, 2026. (ECF No. 51). Neal-Williams seeks to add a retaliation claim concerning his transfer to WCI. (Id.). This request comes six months after the State Defendants filed their dispositive motion. In addition to being unduly delayed, upon review, amendment would be futile. As such, the Motion will be denied.

d. The September 21, 2024 incident between Neal-Williams and CO Blessing Omachoko;
e. The October 8, 2024 incident involving Sgt. Charlotte Leach and CO Prescilia Taah;
f. The October 9, 2024 incident involving CO Christopher Thomas;
g. Any actions taken, or lack thereof, by Lt. Emmanuel Dabiri on October 16, 2024;
h. The November 19, 2024 incident involving CO Renee Jackson; and
i. Lt. Nicole Johnson's actions on January 13, 2025.

(Decl. Kristina Donnelly, Ex. A ¶ 6). Sgt. Halsey also submits a declaration from Donnelly, in which Donnelly further avers that Neal-Williams did not file any ARP against Halsey arising from instances of alleged misconduct on October 15, 16, 17, and 18, and November 21 and 26, 2024. (Decl. Kristina Donnelly, Halsey Ex. 1 ¶¶ 4, 5 ECF No. 35-2). None of the ARPs submitted in Neal-Williams' opposition contradict the record. Therefore, the Court finds that the claims for which Neal-Williams did not file an ARP have not been exhausted.

As to the remaining issues, Neal-Williams filed fifteen ARPs, eleven of which were dismissed[7] and four withdrawn.[8] (Decl. Kristina Donnelly, Ex. A ¶¶ 7–8). Of these, Neal-Wiliams only appealed two to the Commissioner, Nos. PATX-0408-24 and PATX-0448-24, (Decl. Kristina Donnelly, Ex. C ¶¶ 5–6), but did not appeal either of these ARPs to the IIGO. (Decl. Robin Woolford, Ex. D ¶ 6).

Neal-Williams's conclusory allegation that he was denied access to the grievance procedure is insufficient to establish that it was unavailable to him, especially because he

[7] Nos. PATX-0232-24, PATX-0320-24, PATX-0360-24, PATX-0408-24, PATX-0446-24, PATX-0448-24, PATX-0003-25, PATX-0004-25, PATX-0016-25, PATX-0025-25, and PATX-0034-25.

[8] Nos. PATX-0231-24, PATX-0237-24, PATX-0283-24, and PATX-0297-24.

did indeed file fifteen ARP Forms between August 2024 and January 2025. Therefore, there is no basis to waive the exhaustion requirement under the PLRA. As such, Neal-Williams' Complaint will be dismissed without prejudice. While Defendants have moved for summary judgment, and the Court has considered evidence attached to the motion in reaching the conclusion herein, the Fourth Circuit has advised that dismissal for failure to exhaust should be without prejudice. See Moss v. Harwood, 19 F.4th 614, 623 n.3 (4th Cir. 2021) (collecting cases); Germain v. Shearin, 653 F.App'x 231, 234–35 (4th Cir. 2016) (finding dismissal "mandatory" for failure to exhaust and affirming district court's grant of summary judgment but modifying order to be dismissal without prejudice).

Because the Complaint must be dismissed, the Court will deny Neal-Williams's Motion for Injunctive Relief. (ECF No. 53).[9] To be entitled to a preliminary injunction, a movant must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20–23 (2008); Dewhurst v. Century Aluminum Co., 649 F.3d 287, 292–93 (4th Cir. 2011). "'All four requirements must be satisfied.'" Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth., 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted) (quoting Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir.2009)).

[9] Because the Court will dismiss Neal-Williams' Motion for Injunctive Relief (ECF No. 53), it will deny State Defendants' Motion to Strike Neal-Williams' Motion for Injunctive Relief (ECF No. 54) as moot.

Neal-Williams cannot show that he is likely to succeed on the merits of his claim because, as discussed above, they remain unexhausted, and as such, must be dismissed. Therefore, he cannot satisfy all four requirements for injunctive relief, and his Motion must be denied.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Sgt. Halsey and the State Defendants' Motions to Dismiss, or in the Alternative, for Summary Judgment (ECF Nos. 35 and 38), deny Neal-Williams's Motion for Injunctive Relief (ECF No. 53), and deny as moot State Defendants' Motion to Strike Neal-Williams's Motion for Injunctive Relief (ECF No. 54).[10] A separate Order follows.

Entered this 11th day of September, 2026.

/s/
George L. Russell III
Chief United States District Judge

[10] "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–727 (1966)). Neal-Wiliams's state tort claims will accordingly be dismissed.